Joseph H. Harrington
Acting United States Attorney
Eastern District of Washington
Richard C. Burson
Assistant United States Attorney
402 E. Yakima Ave., Suite 210
Yakima, WA 98901
Telephone: (509) 454-4425

FILED IN THE U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

JUN 2 2 2021

SEAN F. MCAVOY, CLERK
_____, DEPUTY
YAKIMA, WASHINGTON

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 1:20-CR-02030-SMJ-2 |
| v. | Plea Agreement |
| DEREK LEVI MARTINEZ, | |
| Defendant. | |

Plaintiff United States of America, by and through Joseph H. Harrington, Acting United States Attorney for the Eastern District of Washington, and Richard C. Burson, Assistant United States Attorney for the Eastern District of Washington, and Defendant Derek Levi Martinez (hereinafter "Defendant"), and the Defendant's counsel, Tim Nguyen, Esq., agree to the following Plea Agreement:

1. <u>Guilty Plea and Maximum Statutory Penalties</u>:

The Defendant agrees to plead guilty to Count 4 of the Second Superseding Indictment filed on May 12, 2021, charging the Defendant with Aiding and Abetting in the offense of Brandishing a Firearm in Furtherance of a Crime of

Plea Agreement                              1

Violence in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii); 2.

The Defendant understands that the statutory penalty for Aiding and Abetting in the offense of Brandishing a Firearm in Furtherance of a Crime of Violence in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii); 2, is not less than 7 years imprisonment and up to life imprisonment; a fine of $250,000; or both; a term of supervised release of not more than 5 years; and a $100 special penalty assessment.

The Defendant understands that a violation of a condition of supervised release carries an additional penalty of re-imprisonment for all or part of the term of supervised release without credit for time previously served on post-release supervision.

2. <u>The Court is Not a Party to the Agreement:</u>

The Court is not a party to this Plea Agreement and may accept or reject this Plea Agreement. Sentencing is a matter that is solely within the discretion of the Court. The Defendant understands that the Court is under no obligation to accept any recommendations made by the United States and/or by the Defendant; that the Court will obtain an independent report and sentencing recommendation from the U.S. Probation Office; and that the Court may, in its discretion, impose any sentence it deems appropriate up to the statutory maximums stated in this Plea Agreement.

The Defendant acknowledges that no promises of any type have been made to the Defendant with respect to the sentence the Court will impose in this matter. The Defendant understands that the Court is required to consider the applicable sentencing guideline range, but may depart upward or downward under the appropriate circumstances.

The Defendant also understands that should the sentencing judge decide not to accept any of the parties' recommendations, that decision is not a basis for withdrawing from this Plea Agreement or a basis for withdrawing this plea of

Plea Agreement                                2

guilty.

3. <u>Waiver of Constitutional Rights:</u>

The Defendant understands that by entering this plea of guilty the Defendant is knowingly and voluntarily waiving certain constitutional rights, including:

    a. The right to a jury trial;

    b. The right to see, hear and question the witnesses;

    c. The right to remain silent at trial;

    d. The right to testify at trial; and

    e. The right to compel witnesses to testify.

While the Defendant is waiving certain constitutional rights, the Defendant understands the Defendant retains the right to be assisted through the sentencing and any direct appeal of the conviction and sentence by an attorney, who will be appointed at no cost if the Defendant cannot afford to hire an attorney.

4. <u>Elements of the Offenses:</u>

The United States and the Defendant agree that in order to convict the Defendant of aiding and abetting in the offense of Brandishing a Firearm in Furtherance of a Crime of Violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii); 2, as charged in the Second Superseding Indictment, the United States must prove beyond a reasonable doubt the following elements:

First, on or about July 5, 2020, within the Eastern District of Washington, someone else committed the offense of Brandishing a Firearm in Furtherance of a Crime of Violence;

Second, the Defendant aided, counseled, commanded, induced or procured that person with respect to at least one element of Brandishing of a Firearm in Furtherance of a Crime of Violence;

Third, the Defendant acted with the intent to facilitate the offense of Brandishing of a Firearm in Furtherance of a Crime of Violence; and

Fourth, the Defendant acted before the crime was completed.

*9th Cir. Model Jury Instr. 5.1 (Approved 9/2019)(modified)*

The United States and the Defendant agree that as to Brandishing of a Firearm in Furtherance of a Crime of Violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii), the following elements are applicable:

First, the Defendant committed the crime of carjacking, as charged in Count 2 of the Second Superseding Indictment, which is a crime of violence;

Second, the Defendant knowingly possessed a Ruger 10-22 .22LR caliber rifle bearing serial number 242-44238; and

Third, the Defendant possessed the firearm in furtherance of the carjacking.

*9th Cir. Model Jury Instr. 8.72 (Approved 4/2011)(modified).*

5. Factual Basis and Statement of Facts:

The United States and the Defendant stipulate and agree that the following facts are accurate; that the United States could prove these facts beyond a reasonable doubt at trial; and these facts constitute an adequate factual basis for Defendant's guilty plea. This statement of facts does not preclude either party from presenting and arguing, for sentencing purposes, additional facts which are relevant to the guideline computation or sentencing, unless otherwise prohibited in this agreement.

On July 5, 2020, the Defendant approached a man named J.H. outside of a restaurant near the intersection of S 4th Avenue and W. Walnut Street in Yakima, Washington. The Defendant and J.H. spoke briefly near J.H.'s car before the Defendant asked J.H. to drive the Defendant to the Defendant's car, which was parked behind an auto parts store located at 305 N 5th Avenue in Yakima, Washington. J.H. drove the Defendant to this location in J.H.'s 1996 Honda Accord, a motor vehicle that had been transported, shipped, and received in interstate and foreign commerce. J.H.'s significant other, K.S., was also in the

Plea Agreement                                4

vehicle.

J.H. parked his car behind the auto parts store located at 305 N 5th Avenue in Yakima, Washington. Shortly after, a green Ford Explorer driven by a man named Jesse Johnson arrived and parked behind J.H.'s vehicle in such a manner as to prevent J.H.'s vehicle from leaving the location. A man named Orlando Raul Rodriguez and a woman named Cherrish Irean Jensen got out of the green Ford Explorer. Rodriguez approached the front driver's side of J.H.'s Honda Accord, where J.H. was sitting in the driver's seat. Rodriguez was carrying a Ruger 10-22 .22LR caliber rifle bearing serial number 242-44238. Rodriguez ordered J.H. out of the car while pointing the rifle at J.H. J.H. complied and exited the Honda Accord. Jensen ordered J.H. to hand over his cell phone and walk away from the scene. J.H. gave his cell phone to Jensen and walked away with K.S.

Jensen got into the driver's seat of the Honda Accord. Rodriguez and the Defendant also got into J.H.'s Honda Accord. The three drove away in J.H.'s Honda Accord. Johnson followed in the Ford Explorer. Jensen drove J.H.'s Honda Accord to a residential complex at 810 N 6th Avenue in Yakima, Washington. Jensen, Rodriguez, and the Defendant exited J.H.'s Honda Accord. Jensen, Rodriguez, and the Defendant took several items of J.H.'s personal property out of J.H.'s Honda Accord and loaded them into the green Ford Explorer that Johnson had followed them in. Jensen, Rodriguez, and the Defendant got into Johnson's green Ford Explorer and Johnson drove away, leaving J.H.'s Honda Accord parked within the residential complex.

Johnson drove the green Ford Explorer, with Jensen, Rodriguez, and the Defendant as passengers, past a hardware store located at 405 W. Yakima Avenue in Yakima, Washington, where J.H. and K.S. where talking to Yakima Police Department officers in the parking lot. Police officers at that location conducted a vehicle stop and pulled over the Ford Explorer driven by Johnson.

The Defendant exited the vehicle and was placed under arrest. Johnson, Jensen and Rodriguez were ordered out of the vehicle and arrested. Police officers observed from outside the vehicle what appeared to be the stock of a wood handled rifle laying on the backseat floorboard of Johnson's green Ford Explorer. A police officer called J.H.'s cell phone number, provided by J.H., and heard a cell phone ringing in Johnson's Ford Explorer.

J.H. was brought to the location of the vehicle stop and identified Rodriguez as the individual who had pointed the rifle at him; Johnson as the one who had driven Jensen and Rodriguez to the scene of the robbery and the Defendant as the one who had approached him at the restaurant near the intersection of S 4th Avenue and W. Walnut Street in Yakima, Washington and asked him for a ride to the auto parts store at 305 N 5th Avenue in Yakima, Washington and then left with Rodriguez and Jensen after the robbery.

J.H. was interviewed by a Yakima Police Department detective and identified several items photographed from outside of Johnson's Ford Explorer as belonging to him, including a tool kit and white tub of degreaser, and a pair of black slippers belonging to K.S. J.H. told the detective that his car had also contained some auto detailing tools, including a buffer, and his car keys. J.H. specified that his cell phone was a Cool-Pad Android phone.

Police executed a search warrant on Johnson's Ford Explorer. Police recovered from Johnson's Ford Explorer a Cool-Pad Android cell phone, a tub of degreaser, black slippers, the keys to J.H.'s Honda Accord, a took kit, a car buffer, and a Ruger 10-22 .22LR caliber rifle bearing serial number 242-44238, among other items.

The Defendant knowingly and willingly participated and aided and abetted Johnson, Rodriguez, and Jensen in the taking of J.H.'s 1996 Honda Accord, that had been transported, shipped and received in interstate and foreign commerce,

Plea Agreement                                6

from J.H. by force, violence and intimidation, with the intent to cause death and serious bodily harm if needed. The carjacking was the product of an agreement between Rodriguez, Martinez, Jensen and the Defendant to take J.H.'s motor vehicle from J.H. by force, violence and intimidation, with the intent to cause death and serious bodily harm if needed. The Defendant took an affirmative act in furtherance of the above detailed carjacking as described above, with the intent of facilitating the commission of the carjacking. The Defendant knew before participating and aiding and abetting in the above detailed carjacking that Johnson, Rodriguez or Jensen would brandish a firearm during the commission of the above detailed carjacking.

6. The United States Agrees:

The United States Attorney's Office for the Eastern District of Washington agrees not to bring any additional charges against the Defendant based upon information in its possession at the time of this Plea Agreement and arising out of Defendant's conduct involving illegal activity charged in the Second Superseding Indictment, unless the Defendant breaches this Plea Agreement any time before or after sentencing. The United States further agrees to dismiss Count 2 of Second Superseding Indictment, solely as it relates to the Defendant.

7. United States Sentencing Guideline Calculations:

The Defendant understands and acknowledges that the United States Sentencing Guidelines (hereinafter "U.S.S.G.") are advisory to this case and that the Court will determine the Defendant's applicable sentencing guideline range at the time of sentencing.

The United States and the Defendant agree that the guideline sentence is the minimum term of imprisonment required by 18 U.S.C. § 924(c)(1)(A)(ii); i.e. 7 years of imprisonment.

8. Criminal History:

The United States and the Defendant understand that the Defendant's criminal history computation ultimately will be determined by the Court after review of the Presentence Investigation Report. The United States and the Defendant have made no agreement and make no representations as to the criminal history category, which shall be determined after the Presentence Investigation Report is completed.

9. Incarceration:

The United States and the Defendant agree to recommend a term of imprisonment of 7 years.

10. Criminal Fine:

The United States and the Defendant have made no agreement as to any criminal fine to be imposed.

11. Supervised Release:

The United States and the Defendant agree to recommend that the Court impose a five (5) year term of supervised release.

12. Mandatory Special Penalty Assessment:

The Defendant agrees to pay the $100 mandatory special penalty assessment to the Clerk of Court for the Eastern District of Washington, at or before sentencing, pursuant to 18 U.S.C. § 3013 and shall provide a receipt from the Clerk to the United States before sentencing as proof of this payment.

13. Payments While Incarcerated:

If the Defendant lacks the financial resources to pay the monetary obligations imposed by the Court, the Defendant agrees to earn the money to pay toward these obligations by participating in the Bureau of Prisons' Inmate Financial Responsibility Program.

14. <u>Additional Violations of Law Can Void Plea Agreement</u>:

The Defendant and the United States agree that the United States may at its option and upon written notice to the Defendant, withdraw from this Plea Agreement or modify its recommendation for sentence if, prior to the imposition of sentence, the Defendant is charged or convicted of any criminal offense whatsoever or if the Defendant tests positive for any controlled substance.

15. <u>Criminal Forfeiture</u>:

Defendant, Derek Levi Martinez, agrees to voluntarily forfeit any and all right, title and interest he has in the following listed assets in favor of the United States:

- a Ruger 10-22 .22LR caliber rifle bearing serial number 242-44238
- 14 rounds of Remington .22 mm caliber ammunition

Defendant acknowledges that the firearm and ammunition covered by this agreement are subject to forfeiture as property facilitating or involved in illegal conduct in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii); 924(a)(2), and are therefore forfeitable to the United States pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c).

The Defendant agrees to take all steps as requested by the United States to pass clear title to the firearms to the United States and to testify truthfully in any forfeiture proceeding.

The Defendant agrees to hold all law enforcement and the United States, its agents, and its employees harmless from any claims whatsoever arising in connection with the seizure and forfeiture of any asset(s) covered by this agreement. Defendant consents to the forfeiture and disposal of assets without further notice.

The Defendant further agrees to waive all constitutional, equitable and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. Defendant knowingly and voluntarily waives his right to a jury trial on the forfeiture of the asset(s). Defendant waives oral pronouncement of forfeiture at the time of sentencing, and any defects that may pertain to the forfeiture.

16.  Restitution:

The United States and the Defendant stipulate and agree that, pursuant to 18 U.S.C. §3663, §3663A, and §3664, the Court shall order restitution for any and all damaged property, and medical expenses and/or related professional services, in an amount not to exceed $10,000.00.

17. Effect on Immigration Status:

The Defendant, recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense to which the Defendant is pleading guilty. Indeed, due to the charge to which Defendant is pleading guilty, removal is presumptively mandatory for non-citizens. Removal and other immigration consequences are the subject of a separate proceeding, however, and Defendant understands that while deportation and/or removal appears to be a virtual certainty if he is a non-citizen, no one, including his attorney or the Court, can predict with absolute certainty the effect of his conviction on his immigration status, if any. Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if automatic removal from the United States is a virtual certainty

if he is a non-citizen.

18. Appeal Rights

The Defendant expressly waives his right to appeal any aspect of his conviction and sentence imposed by the Court. The Defendant expressly waives his right to appeal any order of restitution so long as the order of restitution does not exceed $10,000.00. Furthermore, the Defendant expressly waives his right to file any post-conviction motion attacking his conviction and sentence, including a motion pursuant to 28 U.S.C. § 2255, except one based upon ineffective assistance of counsel based on information not now known by Defendant and which, in the exercise of due diligence, could not be known by Defendant by the time the Court imposes the sentence.

The Defendant acknowledges that this waiver shall result in the dismissal of any appeal or collateral attack the defendant might file challenging the conviction or sentence in this case, except for ineffective assistance of counsel as noted above. If the Defendant files a notice of appeal, a habeas petition, or other collateral attack, notwithstanding this agreement, the Defendant agrees that this case shall, upon motion of the government, be remanded to the district court to determine whether Defendant is in breach of this agreement and, if so, to permit the government to withdraw from the Plea Agreement.

19. Integration Clause:

The United States and the Defendant acknowledge that this document constitutes the entire Plea Agreement between the United States and the Defendant, and no other promises, agreements, or conditions exist between the United States and the Defendant concerning the resolution of the case. This Plea Agreement is binding only upon the United States Attorney's Office for the Eastern District of Washington, and cannot bind other federal, state or local authorities. The United States and the Defendant agree that this agreement cannot

Plea Agreement                                11

be modified except in a writing that is signed by the United States and the Defendant.

## Approvals and Signatures

Agreed and submitted on behalf of the United States Attorney's Office for the Eastern District of Washington.

Joseph H. Harrington
Acting United States Attorney

_____        21 June 2021
Richard C. Burson                 Date
Assistant United States Attorney

I have read this Plea Agreement and have carefully reviewed and discussed every part of the agreement with my attorney. I understand and voluntarily enter into this Plea Agreement. Furthermore, I have consulted with my attorney about my rights, I understand those rights, and I am satisfied with the representation of my attorney in this case. No other promises or inducements have been made to me, other than those contained in this Plea Agreement, and no one has threatened or forced me in any way to enter into this Plea Agreement. I am agreeing to plead guilty because I am guilty.

_____        6-21-21
Derek Levi Martinez               Date
Defendant

I have read the Plea Agreement and have discussed the contents of the agreement with my client. The Plea Agreement accurately and completely sets forth the entirety of the agreement between the parties. I concur in my client's decision to plead guilty as set forth in the Plea Agreement. There is no legal reason

why the Court should not accept the Defendant's plea of guilty.

_____   \_\_\_06/21/21\_\_\_
Tim Nguyen                              Date
Attorney for the Defendant